**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY THOMAS,<br><br>                                         Plaintiff,<br>   vs.<br><br>R. HERNANDEZ, Warden, et al.,<br><br>                                         Defendants. | CASE NO. 09cv1336-LAB (PCL)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

**I.   Introduction**

This is a prisoner civil rights case, brought under 42 U.S.C. § 1983.  It was referred to Judge Lewis for a Report and Recommendation, and on August 13, 2012 the Defendants filed a motion to dismiss.  With the motion fully briefed, the Court will rule on it directly, rather than wait for Judge Lewis to issue a Report and Recommendation and invite objections.

Thomas alleges that his Eighth, Fourteenth, and First Amendment rights have been violated by Warden Hernandez and three correctional officers at the Donovan Correctional Facility.  Each alleged violation, of course, would give rise to an independent § 1983 claim, and the Court will summarize Thomas's allegations in sequence.

**A.   Eighth Amendment**

Thomas first alleges that on August 5, 2006, he was beaten in a van while in transit to "Administrative Segregation," on charges that were trumped-up when he refused to sit at

an assigned table in the prison dining hall.  He alleges that Officer Roberts beat him with his fist and baton in the van while Thomas's arms and legs were shackled, that Officer Irrazusta beat him once he arrived at Administrative Segregation, and that Officer Nelson did nothing to stop the beatings.  He also alleges that a pre-transport medical examination found no injuries on his body, and that the sergeant on duty at Administrative Segregation used the report to question the Defendants when Thomas arrived with injuries.

### B. First Amendment

Thomas's second allegation is that he was thwarted in his attempt to file a grievance against the Defendants for their alleged conduct on August 5, 2006.  Specifically, he alleges that on August 12 he filed a "CDC 602 grievance" against Roberts, Nelson, and Irrazusta, that he was immediately transferred to another state prison in Lancaster, and that when he inquired about his appeal he was told it had been denied "due to time constraints."  He attributes this to Officers Roberts, Nelson, and Irrazusta withholding the appeal paperwork to make it appear untimely.  When Thomas forwarded his grievance to the Director of CDC in Sacramento, it was returned for failure to exhaust.

### C. Fourteenth Amendment

Thomas's third allegation is that on December 6, 2006, Chris Henry from CDC's Department of Internal Affairs came to his prison in Lancaster and presented him with a fabricated "CDC Disciplinary 115" report signed by Officers Nelson, Roberts, and Irrazusta. Thomas insists that no disciplinary action was ever taken against him at Donovan, and that the report was fabricated in order to conceal their alleged beating of Thomas on August 5, 2006.  In asserting this claim, Thomas also suggests that the Administrative Segregation sergeant filed a complaint against the officers on Thomas's behalf.

## II. Legal Standards

There are two legal standards relevant to the below analysis—the standard for a motion to dismiss and the standard for a prisoner's administrative exhaustion of his civil rights claims.

### A. Motion to Dismiss

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To defeat such a motion, a complaint's factual allegations needn't be detailed; they must simply be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "some threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (internal quotations omitted). A complaint has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

While the Court must draw all reasonable inferences in Thomas's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). In fact, the Court does not need to accept any legal conclusions as true. *Iqbal*, 556 U.S. at 678. A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted). Nor does it suffice if it contains a merely formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

**B.    Exhaustion**

The Prison Litigation Reform Act requires a prisoner to exhaust his administrative remedies before bringing a § 1983 claim in federal court. 42 U.S.C. § 1997e(a). Prisoners in California must proceed through several levels of administrative review: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second level appeal to the institution head; and (4) third level appeal to the Director of the California Department of Corrections. *Barry v. Ratelle*, 985 F.Supp.1235, 1237 (S.D. Cal. 2007). On a motion to dismiss for failure to exhaust, the Court can look beyond the pleadings to resolve factual issues regarding exhaustion. *Wyatt v. Terhune,* 315 F.3d 1108, 1120 n.4 (9th Cir.

2003). It's important to note that an inmate cannot satisfy exhaustion requirements by filing an untimely or otherwise defective grievance or appeal. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006).

**III.     Discussion**

The Court will address Thomas's Eighth Amendment claim first, then his First Amendment claim, and then his Fourteenth Amendment claim.

**A.     Eighth Amendment Claim**

In the typical case, the first level of review—"informal resolution"—requires that a prisoner submit his claim to the staff involved. 15 Cal. Admin. Code § 3084.2(b). The next level—"formal written appeal"—requires a prisoner to appeal to the prison's appeals coordinator. *Id.* at § 3084.2(c). However, when a claim alleges misconduct against a prison official, the informal resolution requirement is lifted. *Id.* at § 3084.5(a)(3)(G). This means that Thomas's first move should have been to forward his appeal to the prison's appeals coordinator. He had 15 days from the event to do that. *Id.* at § 3084.6(c)

Thomas says he complied. According to his complaint, he was beaten by Defendants on August 5 and filed an appeal against them on August 12, just seven days later. The only reason it didn't make its way to the appeals coordinator in time is that the Defendants withheld it so it would arrive late. Defendants suggest that even if this is true, Thomas is still in the wrong for giving his appeal to them; under the regulations, they argue, he was required to file it with the appeals coordinator. They argue that by Plaintiff's own admission, "he did not follow the procedural requirement of filing his staff-misconduct complaint directly with the appeal coordinator." (Mot. to Dismiss at 6–7.) The Court doesn't read Thomas's complaint this way. He alleges that Defendants "withheld the pending paperwork to make it appear to be untimely." (FAC at 3.) That doesn't necessarily mean he gave it to them to be given to the appeals coordinator. As the Court reads it, it may mean they somehow intercepted or received the grievance, and then withheld it. It's unclear.

But even if Defendants' construction of Thomas's allegations is correct, and he does allege that he gave the grievance to the Defendants, the regulations aren't perfectly clear on

whether this is improper. The particular regulation Defendants rely on merely says that at the formal levels of appeal, "the appeal shall be forwarded to the appeals coordinator within the time limits prescribed in section 3084.6." 15 Cal. Admin. Code § 3084.2(c). The critical words are "forwarded to." They mean something very different, in the Court's judgment, from "filed with," which is Defendants' construction of the regulation. It's true, as Defendants argue, that if inmates aren't required to file their appeal directly with the appeals coordinator they could always claim they gave it to staff and it was mishandled, but that's no reason to read the words "forwarded to" in the regulation to mean "filed with." So, the Court rejects that argument.

The Defendants do have others, though. Three, in fact. First, the screening letters sent to Thomas informing him that his appeal was untimely indicate that his appeal was dated October 2, 2006.

> YOU WERE PLACED IN AD-SEG ON 8/5/06. NO APPEAL WAS RECEIVED IN THE APPEALS OFFICE REGARDING THIS ISSUE - ONE APPEAL WAS RECEIVED ON 9/5/06 REGARDING PROPERTY, LOG # 06-987. THE ATTACHED APPEAL IS DATED 10/2/06 AND WAS NOT RECEIVED IN THE APPEALS OFFICE UNTIL 10/12/06. YOU DID NOT ADDRESS THIS ISSUE WHILE YOU WERE HOUSED AT RJDCF AND THE TIME CONSTRAINTS HAVE NOT BEEN MET.

(Cobb Decl., Ex. 1.) This directly contradicts Thomas's account that he filed an appeal on August 12, gave it to Defendants, and that they withheld it until it was untimely. Thomas doesn't contest this in his opposition brief. Second, Thomas alleges that when his 602 appeal was returned as untimely, he sent it to Sacramento for the CDC Director's review. This wasn't the right move. Thomas should have taken up the issue of timeliness with the appeals coordinator. Just because a grievance is screened out as untimely does not mean he can immediately protest to the CDC Director in Sacramento—the third level of administrative review.

The third argument Defendants have comes up in Thomas's opposition to their motion to dismiss, where inconsistencies emerge in his allegations. While he alleges in his complaint, as noted above, that he filed a 602 appeal on August 12, 2006 and that it was submitted, he maintains in his opposition brief that he mailed his grievance to the Donovan

appeals coordinator on August 10, 2006. (*See* FAC at 3; Opp'n Br. at 3.) So, his dates are inconsistent. He also maintains in his opposition brief that he was transferred to the Lancaster prison "on or about August 8, 2006" and mailed his 602 grievance from there, but in his complaint he maintains that he was transferred to Lancaster after he submitted his grievance on August 12, 2006. (*See* Opp'n Br. at 3, FAC at 3.) Moreover, if the Court credits his opposition brief, and his grievance was mailed to the appeals coordinator at Donovan, Thomas has no explanation for how Defendants could have received, withheld, and failed to deliver it.

For the reasons given above, the Court finds that Thomas has failed to exhaust his Eighth Amendment claim, and that the inconsistencies in his allegations bring his right to relief down to the speculative level. That claim is therefore **DISMISSED**.

### B.   First Amendment Claim

Thomas's First Amendment claim is an access-to-courts claim, based on Defendants' alleged withholding of his 602 grievance so that it would be untimely. The right of meaningful access to the courts extends to established prison grievance procedures. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) (*overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001)).

Defendants argue that Thomas has failed to state a claim for denial of access to the courts because "he only alleges that they mishandled his improperly filed grievance." (Mot. to Dismiss at 9.) That's a bit unfaithful to Thomas's actual allegations. He doesn't allege that Defendants "mishandled" his grievance, which implies they made a mistake with it.[1]  He alleges that they deliberately withheld the grievance, so it would be untimely and rejected as such. But their point is well-taken. Even if the access-to-courts right extends to prison grievance procedures, that doesn't mean that the mere frustration of a prisoner's grievance denies him access to the courts. To the contrary, the claim only arises when a prisoner can

---

[1] Were this Thomas's allegation, Defendants would be right. A prisoner does not have an access-to-courts claim when his grievance is improperly or untimely handled. *Kamakeeaina v. City and County of Honolulu*, 2012 WL 1080813 at *9 (D. Hawaii Mar. 29, 2012).

allege "an actual injury by being shut out of court." *Roman v. Allison*, 2012 WL 293380 at *2 (E.D. Cal. Jan. 31, 2012) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). Thomas hasn't been shut out of court. He's here, presenting his § 1983 claim that the Defendants beat him in violation of his Eighth Amendment rights. All the Defendants' alleged misconduct did was result in his grievance being screened out as untimely at the first level of formal, administrative review. He was still able to appeal that finding to the appeals coordinator (which he did not do), and then appeal up the chain (which he somewhat did, by forwarding his grievance to the CDC Director), and then file a § 1983 claim in this Court and argue that his failure to exhaust should be excused (which he has done). There is no injury alleged. *See Silva v. Vittorio*, 658 F.3d 1090, 1102–03 (9th Cir. 2010) (recognizing that access-to-courts claim concerns the actual litigation of grievances); *Taek Sang Yoon v. Arnett*, 385 Fed.Appx 666, 668 (9th Cir. 2010) (finding that district court properly dismissed an access-to-courts claim where plaintiff "failed to identify any actual injury he suffered as a result of defendants' conduct").

Defendants have not advanced their better argument: Thomas doesn't claim to have exhausted his access-to-courts claim, and there is no indication in the record that he has. These claims, like most other prisoner claims challenging a condition of confinement, must be exhausted administratively. *See Smith v. Washington*, 402 Fed.Appx. 212, 213 (9th Cir. 2010) ("The district court properly dismissed Smith's access-to-courts and retaliation claims because Smith failed to exhaust administrative remedies prior to filing suit."); *Bovarie v. Tilton*, 2008 WL 761853 at *5 (S.D. Cal. Mar. 19, 2008) ("However, prisoners must exhaust administrative remedies before filing an access-to-courts claim."). Thomas appears to assume that at the moment he believes an earnest attempt to exhaust has been stifled by prison officials, he can merely assert a parallel access-to-courts claim without satisfying the exhaustion requirements. There's no basis for that assumption in the law. The Defendants' alleged withholding of Thomas's grievance was an additional, new instance of misconduct, and as with his alleged beating at the hands of the Defendants Thomas was required to file a grievance with the appeals coordinator. Thomas's access-to-courts claim is therefore

**DISMISSED**, both for failure to state a claim and for failure to exhaust.

### C.     Fourteenth Amendment Claim

Thomas claims that his due process rights under the Fourteenth Amendment were violated when Defendants fabricated a disciplinary report against him to conceal their alleged misconduct. This report was presented to Thomas, he says, by Chris Henry of CDC's Department of Internal Affairs. This is a curious claim. Henry was presumably interviewing Thomas while investigating Thomas's allegations against Defendants, and Thomas seems to concede that the report was never used against him in any way. For example, the report was never placed in his file, he was never called into a disciplinary hearing, and no disciplinary action was ever taken against him.

A § 1983 claim based upon a Fourteenth Amendment due process violation has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process. *Cooper v. Cate*, 2011 WL 5554321 at *4 (E.D. Cal. Nov. 15, 2011) (citing *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 974 (9th Cir. 2002)). Obviously all three elements must be satisfied. The deprivation of a constitutionally protected interest is not what's unconstitutional; it's the deprivation of that interest without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1986).

All Thomas alleges is that he was presented with a fabricated disciplinary report by a CDC investigator. He does not identify, nor can he, which of his constitutionally protected interests this implicated *or* how he was deprived of any such interest without due process. At least one court has explicitly recognized that "a claim based on the falsity of disciplinary charges, standing alone, does not state a constitutional claim." *Irvine v. Houston*, 2012 WL 3686803 at *6 (D. Nev. July 26, 2012). For a true claim to arise, in other words, Thomas would have to suffer some loss of liberty as a result of the allegedly fraudulent report without ever having had a meaningful opportunity to challenge it. *Id.* ("To the extent Plaintiff is claiming that the disciplinary charges were false, courts have held that prisoners do not have a constitutionally guaranteed immunity from being false or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."). Thomas's allegations therefore

fall far short of stating a Fourteenth Amendment claim. That claim is therefore **DISMISSED**.

### D.  Defendant Hernandez

Defendants argue that Warden Hernandez should be dismissed from this case because he's not alleged to have participated in the violations of Thomas's constitutional rights. Indeed, liability under § 1983 "must be based on the personal involvement of the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, Hernandez may only be held liable for the alleged conduct of the other Defendants if he participated in or directed it, or if he knew of it and failed to do anything. *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). He may also be liable for "his own culpable action or inaction in the training . . . of his subordinates . . . or for conduct that showed a reckless or callous indifference to the rights of [Thomas]." *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005).

Thomas's complaint makes no specific allegations as to Hernandez. He merely argues that as the warden, "Hernandez is responsible by law and statutory rights, to be held accountable for his staff's actions." (FAC at 2.) That is simply wrong. It is well-established that liability under § 1983 cannot be premised on a respondeat superior theory. *See, e.g.*, *Mendez v. City of Scottsdale*, 2012 WL 3870364 at *2 (D. Ariz. Sept. 6, 2012) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)).

Thomas does try to state a claim against Hernandez in his opposition brief, essentially by arguing that he was beaten by Defendants in retaliation for being accused of assaulting another correctional officer in the dining hall and knocking him unconscious, and that Hernandez should have known of this practice and provided him with a sergeant or lieutenant escort to Administrative Segregation. There are two problems here. First, Thomas has not asked to amend his First Amended Complaint, and as a general rule plaintiffs can't add facts in an opposition brief in order to save a claim. *Farring v. Hartford Fire Ins. Co.*, 2012 WL 2498903 at *4 (D. Nev. 2012). But second, even on these additional factual allegations Thomas would still fail to bring Hernandez into this lawsuit. Even if there was an unspoken rule among correctional officers, as Thomas alleges, to "have all other c/o's backs," Thomas makes no allegation that Hernandez knew of this rule, nor that he had reason to believe there

was a high probability that prisoners transported to Administrative Segregation would need the protection of prison superiors in transit and simply looked the other way. Defendant Hernandez is therefore **DISMISSED** from this lawsuit.

**IV.    Conclusion**

Thomas's § 1983 claims based on alleged violations of his First and Fourteenth Amendment rights are **DISMISSED WITH PREJUDICE**. All claims against Warden Hernandez are **DISMISSED WITH PREJUDICE**. Thomas's § 1983 claim based on a violation of his Eighth Amendment right, because he has failed to exhaust it, is **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**. *See Woodford*, 548 U.S. at 83–84; *Albino v. Baca*, 2012 WL 4215918 at *4–5 (9th Cir. Sept. 21, 2012). The Clerk is directed to close this case.

**IT IS SO ORDERED**.

DATED: September 28, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge